SUMMARY ORDER

Xiu Mei Chen, a native and citizen of the People’s Republic of China, seeks review of a May 15, 2008 order of the BIA denying her motion to reopen. In re Xiu Mei Chen, No. A98 255 788 (B.I.A. May 15, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Insofar as Chen challenges the Immigration Judge’s (“IJ”) decision, our review is limited only to the BIA’s denial of Chen’s motion to reopen. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 90 (2d Cir.2001). We review the BIA’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006).
A motion to reopen must be supported by evidence that is “material and was not available and could not have been discovered or presented” at the movant’s former hearing. 8 C.F.R. § 1003.2(c)(1). Here, Chen argues that the BIA abused its discretion when it refused, based on the IJ’s prior adverse credibility determination, to credit the evidence Chen submitted with her motion. Chen asserts that while her application for asylum was based on a claim of past persecution, her motion to reopen “shifted to fear of future persecution,” and therefore, the prior adverse credibility determination was an insufficient basis upon which to deny her motion. This argument, however, is unavailing.
“[A]n applicant may prevail on a theory of future persecution despite an IJ’s adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant’s claim of future persecution is independent of the testimony that the IJ found not to be credible.” Paul v. Gonzales, 444 F.3d 148, 154 (2d Cir.2006) (emphasis omitted). Despite her arguments to the contrary, Chen’s claim of future persecution rests on the same factual predicate that the IJ found not to be credible— her claim that Chinese authorities seek her arrest because she violated the family *679 planning policy. It was thus proper for where, as it found, the evidence was no more credible than that previously submitted. See Kaur v. BIA, 413 F.3d 232, 234 (2d Cir.2005) (finding no abuse of discretion where the BIA denied a motion to reopen because the petitioner failed to rebut the underlying adverse credibility determination); Paul, 444 F.3d at 154. Because Chen alleges no other basis for her fear of persecution, we cannot conclude that the BIA abused its discretion in denying Chen’s motion to reopen.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.